UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SEBASTIAN MANZANARES,

Plaintiff,

v.                                                            CAUSE NO. 1:25-CV-652-JTM-AZ

BRADY THOMAS, et al.,

Defendants.

OPINION AND ORDER

Sebastian Manzanares, a prisoner without a lawyer, filed a vague amended complaint. (DE # 4.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Manzanares alleges that there was a fire at the DeKalb County Jail on November 19, 2025. He claims he was held in a smoky cell for about four and a half hours without lights or good air flow. He complains that no fire plan was in place or followed, but he does not describe what happened or how the defendants responded. He notes that, due to the fire, the jail held inmates with different security classifications on the same block, but he does not indicate who made the decision to mix inmates of different

classifications and he does not describe how he was injured by this decision. He complains that he did not receive medical care, but he does not describe how the fire impacted him or who he asked for medical care.

Manzanares has named Sheriff Brady Thomas, Jail Commander Z. Shifflett, and Jail Commander J. Carpender as defendants. While he complains that all these things happened due to their actions, he does not describe how they were involved in the events that occurred on November 19, 2025. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Manzanares has not described how each defendant was personally involved in the events that occurred on November 19, 2025, he has not stated a claim against them.

The amended complaint is short on facts, dates, and specifics about the fire that occurred on November 19, 2025. Based on what it does say, it is not plausible to infer that any defendant violated Manzanares' constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Manzanares believes he can state a claim based on (and consistent with) the events described in his amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

3

For these reasons, the court:

(1) GRANTS Sebastian Manzanares until **September 10, 2026**, to file a second amended complaint; and

(2) CAUTIONS Sebastian Manzanares that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: August 10, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT